UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CA,<br><br>    Defendant. | Case No. 18-07567 EJD (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action seeking a "petition for writ of mandate" against the Monterey Superior Court, to have his name taken off California's Vexatious Litigant List. Plaintiff's motion for leave to proceed in forma pauperis will be granted in s separate order.

**DISCUSSION**

Plaintiff claims that the Monterey County Superior Court, Civil Division, erred when it declared him a vexatious litigant because several of the cases considered to make that determination should not have been used. (Compl. at 1-2.) Plaintiff also claims that the superior court erred in failing to grant him a stay of proceedings in a state action and then dismissing the matter. (Id.) Plaintiff claims that he has made several attempts to have

the "Lower Court" rule on this matter "with no avail," such that he has "no other option but to have the Reviewing Court to render the proper and necessary Issue of a Writ from the Appellate Court [*sic*]." (Id. at 4.)

A writ of mandate is an order from an appellate court directing a lower court to take a specified action. Ellis v. District Court, 360 F.3d 1022, 1022-23 (9th Cir. 2004) (order denying motion for recall and stay of mandate). It appears that Plaintiff has filed in the wrong court, and incorrectly believes that an appeal from the adverse decision in the Monterey County Superior Court should be filed in this court, believing we have appellate jurisdiction over the state court. However, an appeal from an adverse decision from the Monterey County Superior Court should be filed in the appropriate California Court of Appeal, not in the federal district court.

A federal district court is a court of original jurisdiction and does not have appellate jurisdiction over a decision from a state superior court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts). State court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. See Feldman, 460 U.S. at 486-87; Rooker, 263 U.S. at 416. This is because the Rooker-Feldman doctrine sets a limit to the district court's jurisdiction based on the Supreme Court's exclusive appellate jurisdiction over state court judgments under 28 U.S.C. § 1257. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005).

The Rooker-Feldman doctrine applies even when the state court judgment is not made by the highest state court, see Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986), when federal constitutional issues are at stake, see Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995); Mullins v. Oregon, 57 F.3d 789, 792 (9th Cir. 1995), and when the federal review would be of state court review of determinations made by state administrative bodies, see Feldman, 460 U.S. at 468, 485-86; Olson Farms, Inc.,

134 F.3d at 936. The Rooker-Feldman doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). Plaintiff is clearly trying to appeal a state court decision. Therefore, this action must be dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, this action is **DISMISSED** for lack of subject matter jurisdiction.

The Clerk shall close the file.

**IT IS SO ORDERED.**

**Dated:** 4/26/2019

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.18\07567Scott_dism

3